UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PATRICIA CUNNINGHAM,

    Plaintiff,

v.                                              Case No.:  2:20-cv-913-SPC-NPM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

                                       /

**<u>ORDER</u>**[1]

Before the Court is United States Magistrate Judge Nicholas P. Mizell's Report and Recommendation ("R&R") (Doc. 27). Judge Mizell recommends affirming the decision to deny Social Security benefits for Plaintiff Patricia Cunningham. Cunningham objects to the R&R (Doc. 28), to which Defendant Commissioner of Social Security responded (Doc. 29). The R&R is ripe for review.

When reviewing an R&R, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). When a party specifically objects to an R&R, the district court engages in a de novo review of the issues raised. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Because this Order is for the parties (who are familiar with the case), the Court only discusses what is necessary to explain the decision. Cunningham makes these three objections.

## A. Objection 1

To start, Cunningham contends the R&R misread various regulations. In doing so, she says, the R&R recommends affirming the ALJ's decision that overlooked Cunningham's limitations with rapid or quota-driven production jobs. The medical opinions recognized Cunningham's limits in those regards. (Doc. 23-3 at 13, 27, 44, 60). So she argues the ALJ ignored those limitations when asking hypotheticals and setting the RFC.

The R&R cogently analyzes whether the ALJ erred. The Court sees no reason to disagree. But given the waiver on harmlessness, there is no need to address the merits of Cunningham's objection.

In the Joint Memo, the Commissioner argued even if the ALJ erred, it was harmless. (Doc. 25 at 22-24). Within her portion of the Joint Memo, Cunningham did not address that argument. (Doc. 25 at 10-13). Nor did she seek to reply on this point. *See* (Doc. 24 at 3 n.2). And Cunningham does not mention harmlessness in her objections. To be sure, the R&R did not reach

2

harmlessness given its conclusion. Yet when the Court receives specific objections to an R&R, it reviews the issues de novo. 28 U.S.C. § 636(c).

At bottom, Cunningham's first objection challenges the ALJ's hypothetical and RFC because they do not contemplate limitations on rapid or quota-driven productions jobs. Even if true, incomplete hypotheticals are capable of harmless error review. *E.g.*, *League v. Comm'r of Soc. Sec'y*, No. 2:20-cv-650-SPC-NPM, 2022 WL 703011, at *2 & n.2 (M.D. Fla. Mar. 9, 2022) (collecting cases). It's Cunningham's burden to show harmful error. *E.g.*, *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).[2] And like the Commissioner explained, any error was harmless.

According to Cunningham, the ALJ identified three jobs she could do, but all include rapid or quota-driven production. A review of the record betrays that argument. The jobs' temperaments require adaptability to this work situation: "Performing repetitive work, or performing continuously the same work, according to set procedures, sequence, or pace." (Doc. 23-6 at 175, 192).[3] This doesn't show the jobs require rapid or quota-driven production work. Nor does Cunningham cite any other record evidence.

---

[2] *See also Keel v. Saul*, 986 F.3d 551, 557 (5th Cir. 2021); *Graves v. Colvin*, 837 F.3d 589, 593 (5th Cir. 2016); *Jones v. Astrue*, 691 F.3d 730, 734-35, 735 n.7 (5th Cir. 2012).

[3] As the R&R explained, there was a scrivener's error in identifying the third job (conveyor feeder) by using the wrong DOT job number. So the record includes a choke setter description, on which the ALJ did not rely. (Doc. 23-6 at 204). Cunningham does not contend the conveyor feeder differs. In fact, she cites the choke setter description. (Doc. 25 at 13).

What's more, even though the ALJ did not originally ask a hypothetical about that limitation, he followed up:

> [ALJ]: And I want to go back to hypothetical number one and the jobs that you gave me. If I add no fast pace production, do those jobs remain?
>
> [VE]: They do, Your Honor. Pace is not considered in the DOT nor the SCO. My answer comes from 35 years of experience with job analysis placed on labor market surveys.
>
> [ALJ]: Okay. And again, regarding the limitations, are they consistent with the DOT in your—
>
> [VE]: Except as otherwise noted.

(Doc. 23-2 at 129). In other words, the ALJ clarified Cunningham could do the identified jobs even with a limitation on production work. Then, the ALJ allowed Cunningham—who had counsel—to examine the VE. Yet she never followed up on the production or pace line of questioning.

Because the ALJ relied on jobs that do not include the challenged limitation, any error was harmless. *E.g.*, *Pennington v. Comm'r of Soc. Sec'y, 652 F. App'x 862, 874 (11th Cir. 2016)* (holding any error with incomplete hypothetical harmless because VE testified plaintiff could perform job with limitation).[4] And since Cunningham included no argument on this issue, she

---

[4] *See also Bacon v. Comm'r of Soc. Sec'y*, 861 F. App'x 315, 318-19 (11th Cir. 2021); *Timmons v. Comm'r of Soc. Sec'y*, 522 F. App'x 897, 906 (11th Cir. 2013); *Jones v. Comm'r of Soc. Sec'y*, 492 F. App'x 70, 73 (11th Cir. 2012); *Caldwell v. Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008); *Williams v. Barnhart,* 140 F. App'x 932, 936 (11th Cir. 2005).

waived any right to challenge it anyway. *E.g.*, *League*, 2022 WL 703011, at *2 (collecting cases).

**B. Objection 2**

Next, Cunningham argues a misunderstanding on the conveyor feeder job renders the ALJ's finding unreliable. Because the ALJ did not resolve a conflict between the salvage laborer and VE testimony, she continues, the Court must remand.

First, any argument the ALJ or VE confused the choke setter and conveyor feeder jobs is disingenuous. A choke setter job has "Very Heavy" physical demands. (Doc. 23-6 at 206). The record clarifies everyone understood the VE referred to a medium-duty job—conveyor feeder. (Doc. 23-2 at 131). Aside from misreading a single digit in a nine-digit numerical code, nobody ever implied Cunningham could undertake the rigors of being a choke setter. And now speculating one cannot trust the ALJ's decision as he might have cited the choke setter job numbers is a nonstarter. Because Cunningham failed to raise this in the Joint Memo, the Court declines to hear it. *League*, 2022 WL 703011, at *2.[5]

---

[5] Aside from that, Cunningham's position appears untenable. As the Court understands it, there are fewer than 6,000 choke setter jobs across the country. (Doc. 23-6 at 209-10). And few (if any) of those jobs are in Florida. (Doc. 23-6 at 209). So when the VE testified about 80,000 jobs, the reference must have been to conveyor feeder (like he said).

And second, Cunningham argues over a new Eleventh Circuit case: *Viverette v. Comm'r of Soc. Sec'y,* 13 F.4th 1309 (11th Cir. 2021). Because she failed to raise that argument before Judge Mizell, the Court considers the issue waived and declines to entertain it. The Court just rejected a similar argument for that reason. *League,* 2022 WL 703011, at *2-3. Identical reasoning applies here. This case presents a stronger basis for declining to address new argument though. The Eleventh issued *Viverette* before the parties filed their Joint Memo. Yet Cunningham failed to raise the case or the issues it addressed until objecting to the R&R. Again, this Court exercises its discretion, declines to consider the argument not presented to Judge Mizell, and considers the issue waived. *Id.*; *see, e.g.*, *Knight v. Thompson,* 797 F.3d 934, 937 n.1 (11th Cir. 2015); *Lodge v. Kondaur Cap. Corp.,* 750 F.3d 1263, 1274 (11th Cir. 2014).

**C. Objection 3**

Finally, Cunningham contends the Commissioner did not meet the burden to show significant numbers of jobs exist in the national economy because the VE testimony did not differentiate between full- and part-time jobs. On this point, Cunningham rehashes argument Judge Mizell already considered and disagrees with the holding. Because the Court agrees with the R&R, no discussion is needed. *E.g.*, *League,* 2022 WL 703011, at *3.[6]

---

[6] For what it's worth, more cases rejecting Cunningham's argument follow. *E.g.*, *Welsh v. Colvin,* 765 F.3d 926, 930 (8th Cir. 2014); *Feliciano v. Comm'r of Soc. Sec'y,* No. 5:19-cv-428-

For those reasons, the Court overrules the objections and accepts the well-reasoned R&R in full.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Objections to the United States Magistrate Judge's Report and Recommendation (Doc. 28) are **OVERRULED**.

2. United States Magistrate Judge Nicholas P. Mizell's Report and Recommendation (Doc. 27) is **ACCEPTED and ADOPTED** and the findings incorporated herein.

3. The Commissioner of Social Security's decision is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

4. The Clerk is **DIRECTED** to enter judgment, deny any pending motions as moot, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on March 10, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

Oc-18PRL, 2020 WL 5947878, at *2-3 (M.D. Fla. Sept. 3, 2020), *report and recommendation adopted*, 2020 WL 5946624 (Oct. 7, 2020); *Godin v. Comm'r of Soc. Sec'y*, No. 16-cv-461-PB, 2017 WL 5515845, at *5 (D.N.H. Nov. 16, 2017).